**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0356-18T1

IN THE MATTER OF
JEFFERSON NAH, OFFICE
OF THE PUBLIC DEFENDER.

_____

Submitted December 10, 2019 – Decided December 27, 2019

Before Judges Accurso and Gilson.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-3224.

Weissman & Mintz, LLC, attorneys for appellant Jefferson Nah (Penelope A. Scudder, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Donna Sue Arons, Assistant Attorney General, of counsel; Debra Allen, Deputy Attorney General, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Office of the Public Defender, join in the brief of respondent Civil Service Commission.

PER CURIAM

Petitioner Jefferson Nah appeals from a final decision of the Civil Service Commission that he was ineligible for Supplemental Compensation on Retirement (SCOR) benefits. Finding no error, we affirm.

The facts are undisputed and easily summarized. Nah was a clerk driver with the Office of the Public Defender. In June 2017, the Public Defender issued a preliminary notice of disciplinary action suspending Nah for forty-five days, and five months later issued a second such notice seeking his removal. At the Loudermill[1] hearing, where Nah was represented by the president of his local union, the parties entered into a settlement agreement in which Nah agreed to resign and never again seek employment with the Public Defender in return for the Public Defender withdrawing its two disciplinary notices and permitting Nah to resign in good standing pursuant to N.J.A.C. 4A:2-6.1.

Following his retirement in accordance with the parties' agreement, Civil Service denied petitioner SCOR benefits pursuant to N.J.A.C. 4A:6-3.1(b)(1), which denies eligibility to "[e]mployees removed for cause after an

---

[1] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985), in which the Supreme Court held that a tenured public employee facing termination "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 546.

opportunity for a hearing, who retire in lieu of removal, or who retire under circumstances which would warrant removal."

Petitioner filed an agency appeal, arguing the denial was erroneous because he "was not removed for cause, nor did he retire in lieu of removal." Instead, petitioner contended he "resigned in good standing and retired in lieu of pursuing the disciplinary grievance process." The Commission rejected that argument, finding the circumstances of Nah's retirement, as set out in the parties' settlement agreement, made clear beyond doubt that Nah retired in lieu of the discipline the Public Defender was pursuing, that is, removal, and he was thus ineligible for SCOR benefits under N.J.A.C. 4A:6-3.1(b)(1).

Petitioner appeals, reprising his arguments to the Commission, which we reject as without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We extend substantial deference to an agency's interpretation of its own regulations, reasoning that "the agency that drafted and promulgated the rule should know the meaning of that rule." In re Freshwater Wetlands Gen. Permit No. 16, 379 N.J. Super. 331, 341-42 (App. Div. 2005) (quoting Essex Cty. Bd. of Taxation v. Twp. of Caldwell, 21 N.J. Tax 188, 197 (App. Div. 2003)).

A-0356-18T1

That deference is warranted here. Nah was under suspension and facing removal when he appeared for a <u>Loudermill</u> pre-termination hearing. Instead of proceeding with the hearing, where the appointing authority was presumably prepared to provide Nah, not only notice of the charge, but an explanation of the evidence it had against him, <u>see</u> <u>Caldwell v. N.J. Dep't of Corr.</u>, 250 N.J. Super. 592, 615 (App. Div. 1991), Nah negotiated an agreement that he would resign and never again seek employment by the Public Defender. We have no hesitation in holding the Commission's determination that Nah was ineligible for SCOR benefits under those circumstances was a reasonable interpretation of its own rule that "[e]mployees . . . who retire in lieu of removal, or who retire under circumstances which would warrant removal, shall not be eligible for SCOR." N.J.A.C. 4A:3.1(b)(1).

Nah plainly retired in the face of disciplinary proceedings seeking his removal. His contention that he "did not retire in lieu of removal" but "retired in lieu of pursuing the formal disciplinary appeal process available to him as a member of the CWA Local 1033," is word play and ignores the discipline the Public Defender was seeking in that process was removal. Although the parties' settlement agreement permitted Nah to resign in good standing, it did

not permit him SCOR benefits to which he was not entitled under N.J.A.C. 4A:3.1(b)(1).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION